**Fernando LUCRET GALARZA, Plaintiff,**

v.

**Jose JIMENEZ OXIO, Superintendent of Guavate Penal Camp, Defendant.**

**Civ. No. 76–1366.**

United States District Court,
D. Puerto Rico.

Nov. 22, 1977.

Santos P. Amadeo, Rio Piedras, P. R., for plaintiff.

Lcdo. Noel González Reichard, Dept. of Justice of P. R., San Juan, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

Plaintiff herein has invoked the jurisdiction of this Court under Title 28, United States Code, Section 1343(3) and (4), seeking injunctive relief, a writ of mandamus and/or a declaratory judgment, and requesting for the convening of a three judge court, asserting a cause of action under Title 42, United States Code, Sections 1981 and 1983, and Title 28, United States Code, Sections 2281 and 2284. Plaintiff has invoked the United States Constitution, Article VI, Section 2; the due process clause of the Fifth Amendment, the Sixth, Ninth and Tenth Amendments, the Constitution of the Commonwealth of Puerto Rico, in its Article II, Sections 7 and 11; Article V, Section 6, and an Act of March 12, 1903, amending the Code of Criminal Procedure of Puerto Rico by addition of Section 316(a).

In support of his contentions plaintiff alleges that he was tried and convicted of first degree murder and was sentenced to life imprisonment by the Superior Court of Puerto Rico and that he appealed his conviction and sentences to the Supreme Court of Puerto Rico. That after filing the corresponding briefs the attorney for Mr. Lucret Galarza filed before the Supreme Court of Puerto Rico, a petition for a hearing to argue the appeal which petition was denied by the Supreme Court on June 23, 1975. This denial is deemed by plaintiff to violate all the above mentioned constitutional and statutory provisions.

As the case now stands, the defendant in this case is Mr. Jose Jimenez Oxio, Superintendent of the Guavate Penal Camp where plaintiff is presently confined. Therefore, all of defendants' arguments and defenses pointing to the fact that the Supreme Court of Puerto Rico and its Justices are not amenable to suit in the present case have been rendered moot.

We equally dismiss without more plaintiff's request that a three judge court be convened in the present case. The com-

plaint herein was filed after the effective date of the amendment of August 12, 1976, whereby the convening of a three judge court was eliminated in cases such as the present one.

Said threshold considerations aside, we must now enter into the central issue raised herein: whether the denial of plaintiff's request for a hearing before the Supreme Court of Puerto Rico has resulted in the transgression of his constitutional rights.

Plaintiff seems to argue that there is a right to a hearing on appeal granted by the Due Process Clause of the Fifth Amendment to the United States Constitution.

There is no constitutional right under the due process clause of the Federal Constitution to a hearing or oral argument on appeal. *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed.2d 1356 (1948) and cases following:

Plaintiff also argues that in repealing Article 361(a) of the Code of Criminal Procedure which provided for a hearing on appeal, the Legislature has deprived him of a constitutional right.

A brief analysis of the rules and statutes herein involved leads us to the conclusion that there has been no such violation of plaintiff's rights.

Plaintiff's theory is that even though Article 361(a) of the Puerto Rico Code of Criminal Procedure (34 LPRA 1143) was repealed by Rule 254 of the Puerto Rico Rules of Criminal Procedure (34 LPRA (1963)), said repeal does not affect his alleged constitutional right to a hearing on appeal.

Article 361(a) of the Code of Criminal Procedure (34 LPRA 1143), was repealed by Rule 254 of the Rules of Criminal Procedure, effective July 30, 1963.

Pursuant to Section 6, Article V of the Constitution of the Commonwealth of Puerto Rico, the Supreme Court of Puerto Rico adopted the Rules of Criminal Procedure. The Committee on Criminal Procedure of the Judicial Conference of Puerto Rico rendered a report on October 10, 1958 to the Supreme Court of Puerto Rico proposing Rules of Criminal Procedure for the General Court of Justice of Puerto Rico. One of the recommendations of said Committee was that the suggested Rules repeal the Code of Criminal Procedure of Puerto Rico. Thus, Rule 254, "Repeal of Incompatible Laws", of the Rules of Criminal Procedure (1963) (34 LPRA App. II R. 254) states: (By Act 199 of July 1974, Rule 254 was renumbered 255, LPRA App. II R. 255).

"The Code of Criminal Procedure of Puerto Rico approved March 1, 1902, as amended until the present time, and any other laws, in everything connected with or referring to criminal procedure, inconsistent with or contrary to these Rules, are hereby repealed."

Article 361(a) of the Code of Criminal Procedure (34 LPRA 1143), assuming it granted a right to a hearing on appeal, was not abrogated or repealed by the Supreme Court of Puerto Rico, as plaintiff claims. It was repealed by the Legislature of Puerto Rico, acting under Section 6, Article V of the Constitution of the Commonwealth of Puerto Rico, when it did not disapprove the Rules of Criminal Procedure, which the Supreme Court of Puerto Rico had submitted to that body. The rules thus approved by the Legislature, and which became effective on July 30, 1963, included the above mentioned Rule 254, which repealed Code of Criminal Procedure of Puerto Rico, as amended.

On July 1, 1961, the new Rules of the Supreme Court became effective. Under these rules, Rule 11(e) (4 LPRA, App. I R. 11) stated:

"*Within five days after the filing of appellee's brief*, the attorneys for both parties shall by stipulation or by separate statements in writing *indicate whether or not they intend to make an oral argument*, it being understood, however, that if either party requests it, the Court will hear oral argument. If said stipulation or statement *is not filed within said term, the case shall be considered as submitted on the briefs already filed.*" (Emphasis added).

By order of the Supreme Court of Puerto Rico dated September 4, 1974, paragraph (e) of Rule 11 was repealed. It was substituted by amended Rule 3(c), (see Exhibit A, attached hereto) which reads as follows:

"3(c) *Hearings*

The Court may set a hearing on any matter it deems convenient. The parties may request hearings and the Court, at its discretion, may or may not grant them. When the attorneys for the parties wish to argue the case or incident involved, they shall request it thus by separate motion or by stipulation, *within the term of five days after the filing of appellee's brief. If they fail to do so within said term, the case shall henceforth be considered as submitted on the briefs already filed.*" (Emphasis added).

The text of the two versions of the rule remain the same as to the terms to file a request for a hearing, to wit: "within the term of five days after the filing of appellee's brief."

In the case which gives rise to plaintiff's claim, Criminal No. 74–52, *The People of Puerto Rico v. Fernando Lucret Galarza*, the Solicitor General of Puerto Rico, counsel for appellee, filed his brief on November 15, 1974. It was not until November 27, 1974, that appellant filed his motion for a hearing. (See Certification by the Chief Clerk of the Supreme Court of Puerto Rico, marked as Exhibit B, attached hereto).

■ Therefore, plaintiff here, filed his motion for hearing in the Supreme Court of Puerto Rico, twelve days after appellee's brief was filed, seven days after the term allowed by either Rule 11(e) or 3(c).

By the terms of either rule, if a motion requesting a hearing is not filed within the five days, the case is to be considered as submitted on the briefs already filed.

The United States Supreme Court has passed, on this subject, as shown in *U. S. ex-rel. Brown v. Smith*, 306 F.2d 596 (CA–2, 1962), cert. den. 372 U.S. 959, 83 S.Ct. 1012, 10 L.Ed.2d 11. The Circuit Court, quoting *Daniels v. Allen*, decided sub-nom. *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, rehearing denied, 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370, stated:

"*Daniels v. Allen* makes it clear that it is constitutional for a state to require literal compliance with reasonable rules whether or not failure to comply makes any practical difference or not . . . There is nothing in *Griffin v. Illinois*, 351 U.S. 12, [76 S.Ct. 585, 100 L.Ed. 891], which induces us to alter our interpretation of *Daniels v. Allen*."

The Rules of the Supreme Court are adopted pursuant to the authority granted to the Supreme Court of Puerto Rico by the provisions of Article V of the Constitution of the Commonwealth of Puerto Rico and of Act No. 11 of July 24, 1952, known as the Judiciary Act of 1952.

■ The Rules of the Supreme Court, do not have to be submitted or approved by the Legislature of Puerto Rico and there is no such provision either in Section 7 of Article V or the Judiciary Act of 1952, Act No. 11 of July 24, 1952.

■ Plaintiff further alleges the above mentioned Rule 3(c) of the Rules of the Supreme Court of Puerto Rico is unconstitutional because it is an ex-post-facto law inasmuch as when the plaintiff was charged for the crimes he was sentenced and convicted, he had the right to a hearing on appeal and when he took an appeal, the Supreme Court had repealed such right to hearing. Notwithstanding the fact that, as stated above, there was no change in the terms of the rule, Rule 11(e) before and Rule 3(c) after September 20, 1974, the fact remains that rules dealing with procedural matters are not substantive law.

The constitutional prohibition against ex-post-facto laws applies only to changes in substantive law and not to changes in procedure. *Beazell v. Ohio*, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1965). In *Donald v. Jones*, 445 F.2d 601 (5th Cir. 1971), certiorari denied 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543, it was stated:

"However, the prohibition of Article I, Section 10 of the United States Constitution toward ex-post-facto laws applies

only to changes in substantive law. *Beazell v. Ohio*, 269 U.S. 167, [46 S.Ct. 68, 70 L.Ed. 216]; *Thompson v. Utah*, 170 U.S. 343, [18 S.Ct. 620, 42 L.Ed. 1061]. A person has no vested right in any partial remedy or procedure and cannot insist on the application to the trial of his case of any rules of procedure other than those existing at the time of the trial. *Gibson v. Mississippi*, 162 U.S. 565, [16 S.Ct. 904, 40 L.Ed. 1075]."

Wherefore, in view of all the above plaintiff's request for a writ of habeas corpus must be denied. The complaint filed in the instant case shall be dismissed. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.