## BEAZELL *v.* OHIO ET AL.

## CHATFIELD *v.* OHIO ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

Nos. 247, 248. Motions to dismiss or affirm submitted October 5, 1925.—Decided November 16, 1925.

1. The constitutional provision (Art. I. Sec. 10) forbidding the States to pass *ex post facto* laws was intended to secure substantial personal rights against arbitrary and oppressive legislation, and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance. P. 171.

2. An Ohio law providing that when two or more persons were jointly indicted for a felony, on application to the court each should be tried separately, was amended so as to require a joint trial, unless the court should order otherwise for good cause shown. *Held* that the amendment was not an *ex post facto* law, within the constitutional restriction, as applied to persons who were indicted after,

for an offense alleged to have been committed before, the date of the amendment. P. 170.

111 Ohio St. 838; *Id.* 839, affirmed.

ERROR to judgments of the Supreme Court of Ohio affirming convictions of embezzlement. The cases are disposed of here on motions to dismiss or affirm.

*Messrs. John Wilson Brown, Charles S. Bell, Nelson Schwab,* and *Louis Schneider,* for the State of Ohio.

*Messrs. Province M. Pogue, Harry M. Hoffheimer* and *Thomas L. Pogue,* for Beazell.

*Mr. Frank F. Dinsmore,* for Chatfield.

The following authorities were cited and relied upon in the arguments for plaintiffs in error. *Bergin* v. *State,* 31 Oh. St. 113; 12 C. J. § 803; *Thompson* v. *Utah,* 170 U. S. 343; *Duncan* v. *Missouri,* 152 U. S. 378; *Ex parte Medley,* 134 U. S. 160; *Kring* v. *Missouri,* 107 U. S. 221; *Mallet* v. *North Carolina,* 181 U. S. 589; *Society* v. *Wheeler,* 2 Gall. 139; *State* v. *Morrow,* 90 Oh. St. 202; *Crain* v. *United States,* 162 U. S. 624; Cooley's Const. Lim'ns. 373; *Frisby* v. *United States,* 13 App. D. C. 22; *State* v. *Barlow,* 70 Oh. St. 363; *Hopt* v. *Utah,* 110 U. S. 574.

MR. JUSTICE STONE delivered the opinion of the Court.

Plaintiffs in error were jointly indicted in the Court of Common Pleas of Hamilton County, Ohio, for the crime of embezzlement, a felony. On February 13, 1923, the date of the offense as charged, Ohio General Code, § 13,677, provided: "When two or more persons are jointly indicted for a felony, on application to the court for that purpose, each shall be separately tried." In April of the same year, before the indictment, which was returned on October 25, this section was amended (110 Ohio Laws, 301) so as to provide:

" When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly, unless the court for good cause shown, on application therefor by the prosecuting attorney, or one or more of said defendants order that one or more of said defendants shall be tried separately."

By another section, the amended Act was made applicable to trials for offenses committed before the amendment.

The defendants severally made motions for separate trials on the ground that their defenses would be different; that each would be prejudiced by the introduction of evidence admissible against his co-defendant, but inadmissible as to him; and that they were entitled to separate trials as a matter of right, specifically charging that, as applied to their own indictment and trial, " the amendment to the Statutes of Ohio making the granting of said application for a separate trial discretionary with the trial court, is an *ex post facto* law within the restrictions imposed by Article 1, Section 10 of the Constitution of the United States," which provides that ":No State shall . . . pass any . . . ex post facto Law."

Both motions were denied; the joint trial and conviction of the defendants followed; and in proceedings duly had in which the constitutional question was raised, their conviction was sustained by the Supreme Court of Ohio. The case comes before this court on motions to dismiss the writs of error or to affirm the judgment below.

It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post*

*facto.* The constitutional prohibition and the judicial interpretation of it rest upon the notion that laws, whatever their form, which purport to make innocent acts criminal after the event, or to aggravate an offense, are harsh and oppressive, and that the criminal quality attributable to an act, either by the legal definition of the offense or by the nature or amount of the punishment imposed for its commission, should not be altered by legislative enactment, after the fact, to the disadvantage of the accused.

But the statute of Ohio here drawn in question affects only the manner in which the trial of those jointly accused shall be conducted. It does not deprive the plaintiffs in error of any defense previously available, nor affect the criminal quality of the act charged. Nor does it change the legal definition of the offense or the punishment to be meted out. The quantum and kind of proof required to establish guilt, and all questions which may be considered by the court and jury in determining guilt or innocence, remain the same.

Expressions are to be found in earlier judicial opinions to the effect that the constitutional limitation may be transgressed by alterations in the rules of evidence or procedure. See *Calder* v. *Bull,* 3 Dall. 386, 390; *Cummings* v. *State of Missouri,* 4 Wall. 277, 326; *Kring* v. *Missouri,* 107 U. S. 221, 228, 232. And there may be procedural changes which operate to deny to the accused a defense available under the laws in force at the time of the commission of his offense, or which otherwise affect him in such a harsh and arbitrary manner as to fall within the constitutional prohibition. *Kring* v. *Missouri,* 107 U. S. 221; *Thompson* v. *Utah,* 170 U. S. 343. But it is now well settled that statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage, are not prohibited. A statute which, after indictment, enlarges

the class of persons who may be witnesses at the trial, by removing the disqualification of persons convicted of felony, is not an *ex post facto* law. *Hopt.* v. *Utah,* 110 U. S. 574. Nor is a statute which changes the rules of evidence after the indictment so as to render admissible against the accused evidence previously held inadmissible. *Thompson* v. *Missouri,* 171 U. S. 380; or which changes the place of trial, *Gut* v. *The State,* 9 Wall. 35; or which abolishes a court for hearing criminal appeals, creating a new one in its stead. See *Duncan* v. *Missouri,* 152 U. S. 377, 382.

Just what alterations of procedure will be held to be of sufficient moment to transgress the constitutional prohibition cannot be embraced within a formula or stated in a general proposition. The distinction is one of degree. But the constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation, see *Malloy* v. *South Carolina,* 237 U. S. 180, 183, and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance. See *Gibson* v. *Mississippi,* 162 U. S. 565, 590; *Thompson* v. *Missouri, supra,* 386; *Mallett* v. *North Carolina,* 181 U. S. 589, 597.

The legislation here concerned restored a mode of trial deemed appropriate at common law, with discretionary power in the court to direct separate trials. We do not regard it as harsh or oppressive as applied to the plaintiffs in error, or as affecting any right or immunity more substantial than did the statute which changed the qualification of jurors, upheld in *Gibson* v. *Mississippi, supra;* or the statute which granted to the State an appeal from an intermediate appellate court, upheld in *Mallett* v. *North Carolina, supra.* Obviously the statute here is less burdensome to the accused than those involved in *Hopt* v. *Utah, supra,* and *Thompson* v. *Missouri, supra.*

The judgment of the Supreme Court of Ohio is

*Affirmed.*