**In re Daniel Edmund HARTUNG, Debtor.**

**Daniel Edmund HARTUNG, Plaintiff,**

v.

**Charles A. GRADDICK, in his capacity as Attorney General of the State of Alabama and Chris Galanos, in his capacity as District Attorney for Mobile County, Defendants.**

Bankruptcy No. 80–00423.
Adv. No. 81–0122.

United States Bankruptcy Court,
S. D. Alabama.

Nov. 5, 1981.

Charles A. Graddick, Atty. Gen., Montgomery, Ala.; Chris Galanos, Dist. Atty., Al Pennington, Mobile, Ala., for Charles Graddick & Chris Galanos.

Daniel Edmund Hartung, pro se.

A. Hollis Geer, Mobile, Ala., for debtor.

## ORDER ON COMPLAINT

WILL G. CAFFEY, Jr., Bankruptcy Judge.

At Mobile in said District on the 5th day of November, 1981, before Will G. Caffey, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Complaint of Daniel Edmund Hartung, debtor herein, against Charles A. Graddick, as Attorney General, and Chris Galanos, as District Attorney for Mobile County, seeking to enjoin the defendants from revoking the debtor's probation for failure to repay a certain indebtedness, more particularly described herein; summons and notice of trial having been regularly issued and served; and the debtor having appeared by and through A. Hollis Geer, his attorney; and the defendants having appeared by and through Al Pennington, their attorney; and evidence having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

On or about February 7, 1980 the debtor was involved in an automobile accident with John Doyle, Robert Turner and Charles Sergeant. He left the accident and was later charged with leaving the scene of an accident under Ala.Code Sec. 32–10–1 et seq. (1975). Thereafter, on May 23, 1980, the debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code; and listed each of the above-named persons as creditors holding a contingent indebtedness. Notice of the bankruptcy petition was sent to each of those individuals; but they filed no claims herein, nor any Complaint seeking to have their debts determined to be non-dischargeable.

An order of discharge was entered herein on October 17, 1980; and on January 20, 1981 the debtor entered a plea of guilty to the offense of leaving the scene of an accident in the Circuit Court of Mobile County, Alabama. The Court sentenced the debtor to imprisonment for 6 months, and imposed a fine of $500.00 plus court costs. The imprisonment was suspended and the debtor placed on probation on condition that he make restitution to the three (3) persons mentioned above, as follows:

| | |
|---|---|
| Charles Sergeant | $ 500.00 |
| Robert Turner | 4,840.81 |
| John Doyle | 2,170.00 |

At the time the sentence was imposed, the debtor advised the Presiding Judge that the debts arising out of the accident had been discharged in bankruptcy; but in compliance with the Alabama Statute, the Judge imposed the restitution conditions.

## CONCLUSIONS OF LAW

The debtor seeks to enjoin the defendants from instituting or prosecuting proceedings to revoke the debtor's probation for failure to pay the restitution awards as ordered by the Circuit Court of Mobile County.

The Alabama "Restitution to Victims of Crimes" Act, which became effective on May 28, 1980, provides inter alia:

"When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the Court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant's criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the Court

shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages. * * * " Code of Alabama, 1975, Sec. 15–18–67.

The debtor contends that the application of the Alabama Restitution Statute is void to the extent that it requires payment of an indebtedness discharged in bankruptcy, in that it frustrates the full effectiveness of the federal statute. United States Constitution, Art. 6, Clause 2; *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

In the case at bar, it is not necessary to determine the state-federal conflict in the statutes, because, under the factual situation existing in this case, the Alabama courts have already determined that the application of the Alabama Restitution Statute is unconstitutional under Article 1, Sec. 10 of the Constitution of the United States of America and under Article 1, Sec. 7, of the Constitution of Alabama 1901. *Cox v. State,* 394 So.2d 103 (Ala.Crim.App., 1981).

The "criminal activity or conduct" in which the debtor was involved occurred on February 7, 1980, while the Act became effective on May 28, 1980. Therefore, the sentencing of the debtor under the Act constituted an *ex post facto* application of the statute in violation of the constitutional provisions cited above. See: *Beazell v. Ohio,* 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925).

It is, therefore, clear that as to the debtor, the application of the Alabama Statute is unconstitutional; and the State officials should be enjoined from any further attempts to enforce the restitution provisions of the debtor's criminal sentence.

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the defendants, Charles A. Graddick as Attorney General of the State of Alabama, and his Assistants, Agents, or representatives, and Chris Galanos as District Attorney for Mobile County, and his Assistants, Agents, or representatives, be, and they hereby are,

PERMANENTLY ENJOINED from instituting or prosecuting proceedings to revoke the probation of the debtor herein for failure to comply with the restitution conditions of his criminal sentence imposed on January 20, 1981 in the case of *State of Alabama v. Daniel Edmund Hartung,* No. CC–80–1625.