998 F.2d 617
 Richard CHAUVIN; Plaintiff,
Rickford Munger; Plaintiff-Appellant,
Louis J. Brindisi; Stephen Danforth, Plaintiffs,
v.
Robert A. ERICKSON, Warden, Minnesota Correctional
Facility--Stillwater; Orville Pung, Commissioner of
Corrections of the State of Minnesota; Department of
Corrections, of the State of Minnesota; James Bruton,
Executive Office of Adult Release; Howard Costello,
Legislative Liaison Officer; Joseph W. Cosgrove; Thomas
Dowdle; Donald Engeldinger; Joseph Sames; Rodney Derue;
John Does, 1-30; John Eoyang; Michael Vezner; Stephen
Huot; Robin Goldman; Marvin Rosow; J. Lyons; Nancy
Steele; Chris Esty; Janes Jane Roes 1-10; Dianne Bins;
Mark Thielen; Ronald Payne; Connie Bush; Max Max Moes
1-200; Robert J. Busek; Jill Carlson; Thomas Lamb; Carl
Coes, 1-500; Re-Entry Services, Inc.; One Hundred Eighty
Degrees, Inc.; Peter Peter Poes 1-20; Poe, Incorporateds
1-20; Richard Pung; Henry Hoes, 1-200, Defendants-Appellees.
 No. 92-1842.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 16, 1993.
Decided July 14, 1993.
 
 Douglas Peine, St. Paul, MN, argued, for appellant.
 M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, MN, argued, for appellees.
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Rickford Munger appeals the district court's grant of summary judgment to Commissioner of Corrections Orville Pung in this civil rights action for declaratory and injunctive relief and damages. We affirm.
 
 
 2
 Munger committed burglary in 1988 and was convicted and imprisoned. At that time, Munger received good-time credit against his sentence according to a formula based on the number of days he did not violate any prison disciplinary rule. Minn.Stat.Ann. §§ 243.18, subd. (1), 244.04, subd. (1) (West 1992). In 1989, Minnesota added the requirement that prisoners perform work assignments when available to earn good-time credit under the formula for that day, id. § 243.18, subd. (2), and Pung applied the requirement to Munger. Munger contends this requirement substantially burdens his opportunity to earn good-time credit under the formula, and thus violates the Ex Post Facto Clause of the United States Constitution by retroactively increasing his punishment. U.S. Const. art. I, § 10, cl. 1. The district court concluded the good-time work requirement does not violate the Ex Post Facto Clause and granted Pung summary judgment.
 
 
 3
 Because Munger neither attacks the length of his confinement nor seeks restoration of good-time credit, this case does not fall under the principles established in Offet v. Solem, 823 F.2d 1256, 1257-58 (8th Cir.1987). Thus, we consider the merits of Munger's contention and review the district court's grant of summary judgment de novo. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir.1992).
 
 
 4
 The Ex Post Facto Clause prohibits the States from passing any statute " 'which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed.' " Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (quoting Beazell v. Ohio, 269 U.S. 167, 169, 46 S.Ct. 68, 70 L.Ed. 216 (1925)). The prohibition exists to ensure "legislative Acts give fair warning of their effect" and to "restrain[ ] arbitrary and potentially vindictive legislation." Weaver v. Graham, 450 U.S. 24, 28-29, 101 S.Ct. 960, 963-64, 67 L.Ed.2d 17 (1981). A law violates the Ex Post Facto Clause if it applies to "events occurring before its enactment" and "disadvantage[s] the offender affected by it." Id. at 29, 101 S.Ct. at 964. Minnesota's good-time work requirement, which was enacted after Munger's conviction, is retrospective as applied to him. We thus consider whether the requirement disadvantages Munger.
 
 
 5
 We conclude Munger is not disadvantaged by the good-time work requirement. Before the work requirement was enacted in 1989, prison regulations required prisoners to perform work assignments, and refusing to work or disobeying a direct order to work was a disciplinary infraction. See Minnesota Corrections Policy 3-125.6(16), (20) (Aug. 1986). Under section 243.18, subd. (1), and section 244.04, subd. (1), a prisoner who incurred a disciplinary infraction for refusing to work or disobeying a direct order could not earn good-time credit for that day. Thus, the addition of the statutory work requirement under section 243.18, subd. (2), did not change the conditions for earning good-time credit. Having failed to show the good-time work requirement operates to his detriment, we reject Munger's contention that the statute violates the Ex Post Facto Clause.
 
 
 6
 Accordingly, we affirm.