**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5677

ROBERT MELVIN DEFREITAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis III, District Judge.
(CR-95-139)

Submitted: August 22, 1996

Decided: September 12, 1996

Before HALL, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin M. Schad, Cincinnati, Ohio, for Appellant. Helen F. Fahey,
United States Attorney, Joseph Perella, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Melvin DeFreitas pled guilty to one count of reentry by a deported alien in violation of 8 U.S.C.A. § 1326 (West Supp. 1996), and was sentenced to forty-eight months incarceration. DeFreitas appeals this sentence, contending that it violates the Ex Post Facto Clause and that the government should be equitably estopped from imposing a prison term of more than two years. Finding no error, we affirm.

I.

DeFreitas was convicted in 1988 of possession with intent to distribute crack cocaine. After serving his prison term, the Immigration and Naturalization Service ("INS") deported DeFreitas in August 1991 to Antigua, British Virgin Islands. The INS gave DeFreitas a standard INS form, warning him in writing that if he illegally reentered the United States, he could be subject to a maximum of two years incarceration.

DeFreitas returned to the United States to visit his sick child but did not obtain the Attorney General's consent. When he appeared in January 1995 to answer allegations that he had violated the terms of his supervised release, authorities arrested DeFreitas for illegally reentering the United States after having been convicted of an aggravated felony and being deported.

DeFreitas subsequently pled guilty to a one-count indictment, charging illegal reentry by a deported alien in violation of 8 U.S.C.A. § 1326. At the sentencing hearing, DeFreitas challenged the sixteen-level enhancement he received under U.S.S.G. § 2L1.2(b)(2)* as cruel and unusual and sought a downward departure. The court overruled DeFreitas' objections, sentenced him to forty-eight months incarceration, ordered three years of supervised release, and imposed a $50 special assessment. This appeal followed.

_____
*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

II.

DeFreitas raises two arguments on appeal. First, he contends that because he was informed by the INS at the time of his deportation that the maximum sentence he could receive upon unlawful reentry was two years, his forty-eight-month sentence violates the Ex Post Facto Clause. Second, DeFreitas asserts that his receipt of the INS form should equitably estop the government from sentencing him to more than two years incarceration. Because DeFreitas did not present these arguments in the district court, we review only for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993).

We find no plain error here. At the time of DeFreitas' deportation in 1991, 8 U.S.C.A. § 1326 provided for an enhanced sentence of up to fifteen years imprisonment for aliens found in the United States after being convicted of an aggravated felony and being deported. But because DeFreitas committed the offense--illegal reentry by a deported alien--in January 1995, the revised statute setting forth a twenty-year maximum sentence and the amended guideline providing for a sixteen-level enhancement already were in effect. Therefore, no ex post facto violation occurred. See Collins v. Youngblood, 497 U.S. 37, 42 (1990) (citing Beazall v. Ohio, 269 U.S. 167 (1925)).

Further, DeFreitas' equitable estoppel argument also must fail. See United States v. Agubata, 60 F.3d 1081, 1983 (4th Cir. 1995) (holding that government is not equitably estopped from imposing longer sentence than sentence referred to in INS form because government's failure to amend form to reflect new, lengthier sentence did not amount to affirmative misconduct), cert. denied , ___ U.S. ___, 64 U.S.L.W. 3558 (U.S. Feb. 20, 1996) (No. 95-6524).

III.

Accordingly, because we find no plain error, see Olano, 507 U.S. at 732-37, we affirm DeFreitas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED