The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse, Room 6 Texarkana, AR 71854
Dear Mr. Haltom:
This is in response to your request for an opinion on the following two questions concerning A.C.A. § 5-26-401(b)(1)(C):[1]
 1. For a criminal prosecution, when is the $5,000.00 past due amount calculated, from the date of the new Code provision or from any time from which the child support is past due?
 2. If the court that has ordered support renders a judgment against the defendant for child support arrears, can this judgment amount be used for computing the amount past due for a criminal prosecution?
It is my opinion, in response to your first question, that the past-due amount must be calculated from the date of the new Code provision. That is, prosecution for nonsupport under A.C.A. § 5-26-401(b)(1)(C) will result in a Class D felony conviction only if the amounts owing in past-due child support are calculated from the date of Act 1281 of 1997. This follows, in my opinion, from the fact that application of §5-26-401(b)(1)(C) to persons owing more than $5,000 in arrears prior to enactment of the 1997 legislation would in all likelihood violate the expost facto clauses of the United States and Arkansas Constitutions. See
U.S. Const. art. 1, § 10 and Ark. Const. art. 2, § 17. As stated by the Arkansas Supreme Court:
 A law is prohibited as ex post facto when it authorizes punishment for a crime because of an act previously done and which was not a crime when done, `makes more burdensome the punishment for a crime, after its commission,' or deprives one charged with a crime of any defense that was available according to law at the time when the act was committed.
Eichelberger v. State, 323 Ark. 551, 553, 916 S.W.2d 109 (1996) (emphasis added), citing Beazell v. Ohio, 269 U.S. 167, 169-70 (1925).
Failure to pay support in excess of $5,000 was first made a felony byAct 1282 of 1997. With a few exceptions not relevant to this opinion,[2]
"nonsupport" was previously a Class A misdemeanor, without reference to any stated amount. If interpreted to apply to amounts past-due before its enactment, therefore, the 1997 act would clearly "make more burdensome the punishment for a crime after its commission. . . ." Eichelberger,supra. This would be an unconstitutional ex post facto law. I believe a court would avoid this interpretation and would require calculation of the arrearage from the date of the 1997 act.
It is my opinion that the answer to your second question, regarding a judgment for past-due support, is "yes."
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This subsection, which was added to § 5-26-401 byAct 1282 of 1997, makes the offense of "nonsupport" a Class D felony if "[t]he person owes more than five thousand dollars ($5,000) in past-due child support, pursuant to a court order or by operation of law." A.C.A. § 5-26-401(b)(1)(C) (Repl. 1997).
[2] See A.C.A. § 5-26-401(b)(1)(A) and (B).