OPINION
Defendant-appellant John R. Souers, Sr. appeals from the decision of the Cuyahoga County Court of Common Pleas which adjudicated him "sexual predator" as defined in R.C. Chapter 2950. For the reasons adduced below, we affirm.
On October 2, 1991, appellant was indicted in a four count indictment for events which occurred on July 7, 1991. Counts one, two and three of the indictment alleged rape in violation of R.C.2907.02 with each of these counts containing an aggravated felony specification for appellants prior conviction of rape on October 19, 1982. Count four of the indictment alleged kidnapping in violation of R.C. 2907.01 and included specifications for both aggravated felony and violence. On December 10. 1991. appellant entered a plea of not guilty to each of the four charges against him.
On February 4, 1992. pursuant to a plea arrangement with the state, appellant withdrew his plea of not guilty and entered a plea of guilty to an amended indictment charging three counts of sexual battery, R.C. 2907.03. The state entered a nolle prosequi to the charge of kidnapping as alleged in count four on February 14, 1992. Appellant was sentenced to Lorain Correctional Institution for a term of imprisonment of one year on each count to run concurrent with each other.
Subsequently, on January 7, 1997 after the enactment of Am.Sub.H.B. No. 180 (R.C. Chapter 2950), prior to appellant's release and in accordance with H.B. No. 180, appellant was screened by the Ohio Department of Rehabilitation and Corrections which recommended appellant be adjudicated a "sexual predator." On May 14, 1997 hearing was held on the matter at which the trial court determined and adjudicated appellant a "sexual predator" pursuant to R.C. 2950.09(C) by entry filed May 16, 1997.
Appellant timely challenges his adjudication as sexual predator and advances eleven assignments of error for our review.
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATED APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION! NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
In this appeal we are asked to determine whether the trial courts adjudication of appellant as a sexual predator with its corresponding obligation of his registration requirements and the states notification provision constitutes an abridgment of the rights afforded to him by the Ohio and U.S. Constitutions and as set forth in Crim.R. 11 and, if so, whether the evidence before the trial court supported such a finding.
In his first assignment of error, appellant contends that H.B. 180, a law which became effective in 1997 in R.C. Chapter 2950, constitutes a retroactive registration/notification provision evincing a deterrence-based and, therefore, punitive legislative scheme which when applied to him for crimes committed in 1991 violates both Section 10, Article I of the U.S. Constitution as ex post facto legislation and Section 28, Article II of the Ohio Constitution as retroactive legislation. Specifically, appellant asserts that public disclosure of a persons crime and the attendant humiliation and public disgrace have been historically regarded strictly as a form of punishment imposing both additional duties and attaching new disabilities to past transactions.
The supreme court in State v. Cook (1998), 83 Ohio St.3d 404, analyzed this exact question presented and determined that the issue of whether R.C. 2950.09 may be constitutionally applied retrospectively does not arise unless there has been a prior determination that the General Assembly specify that the statute so apply. Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph two of the syllabus. Because numerous provisions of R.C. Chapter 2950 apply to sex offenders who were convicted prior to the effective date, the legislative intent is clear that provisions of R.C. Chapter 2950 were intended to apply retroactively. Cook, supra at 410.
Section 10, Article I of the United States Constitution prohibits the enactment of an ex post facto law. An ex post facto law is one which punishes as a crime an act previously committed which was innocent when done, which makes more burdensome the punishment for a crime after its commission.Beazell v. Ohio
(1925), 269 U.S. 167, 169-170. The supreme court in Cook held that "the registration and notification provisions of R.C. 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." Cook, supra
at 423; see, also, State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
Section 28, Article II of the Ohio Constitution prohibits the general assembly from passing retroactive laws and is broader than the federal constitutional prohibition under the Ex Post Facto Clause because it includes statutes which attach or impose a new disability as well as those imposing punishments. See Statev. Thrower (1989), 62 Ohio App.3d 359. However, a purely remedial statute does not violate Section 28, Article II of the Ohio Constitution even if applied retroactively; only a retroactive law which affects substantive rights violates the retroactive clause. Van Fossen, supra.
The Cook court, citing State ex rel. Matz v. Brown (1988),37 Ohio St.3d 279, found that felons have no reasonable right to expect that their conduct will never thereafter be made subject of legislation. Cook, supra at 412. Further, the court concluded that registration is de minimis procedural requirement justified to protect todays children from risk of re-offense by previously convicted offenders. Cook, supra at 412. Finally, in reliance on Matz, the Cook court found that the dissemination of information provisions do not impinge upon any reasonable expectation of finality that the defendant may have had with regard to his conviction and does not deprive the offender of a substantive right. Cook, supra at 414. The General Assembly may permissibly impose these additional obligations where they do not infringe on a substantive right. Cook, supra at 414. Consequently, the Cook court concluded that registration, verification and notification provisions of R.C. Chapter 2950 do not violate the ban on retroactive laws as set forth in Section 28, Article II of the Ohio Constitution. Cook, supra at 413-414. Accordingly, we find appellants first assignment of error to be without merit.
Assignments of error II, IV, V, VI, VII, VIII, IX, X and XI will be discussed together. On January 28, 1999, this court decided State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371. unreported. In Ward, this court addressed and overruled the identical foregoing assignments of error. We adopt the conclusions of this court as set forth in Ward and follow the same in the disposition of each of these assignments of error. Further, we have reviewed the decision rendered by the Eleventh District Court of Appeals, State v. Williams (Jan. 29, 1999), Lake App. No. 97-L191, unreported, and see no reason to depart from our conclusions reached in the Ward decision on the constitutional issues involved.
Accordingly, we find assignments of error II, IV, V. VI, VII, VIII, IX, X and XI to be without merit.
Finally, in his third assignment of error, appellant contends that the evidence presented at his hearing was insufficient as a matter of law to support an adjudication of sexual predator by clear and convincing evidence. Specifically, appellant complains that no clear and convincing evidence was presented relating to the likelihood of his future conduct.
In the context of the argument that a decision is not supported by sufficient evidence, the supreme court in State v. Thompkins
(1997), 78 Ohio St.3d 380, 386 stated that "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." "In essence, sufficiency is a test of adequacy, whether the evidence is legally sufficient to sustain a verdict is a question of law." (Citation omitted.) Id.
"Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." (Citation omitted.) Cross v.Ledford (1954), 161 Ohio St. 469, 477.
R.C. 2950.01(E) provides:
 `Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
The criteria established by the Ohio General Assembly to guide trial courts in their determination whether an offender is a sexual predator are put forth in R.C. 2950.09(B)(2), which mandates:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) the offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses.
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed
 (d) whether the sexually oriented offense for which sentenced is to be imposed involved multiple victims;
 (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) any mental illness or mental disability of the offender;
 (h) the nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) any additional behavioral characteristics that contribute to the offender s conduct.
Eight of these enumerated factors involve what may be considered "old conviction data" which may be found in the court's file. Here, the record demonstrates that in the underlying matter appellant was indicted on three counts of rape with aggravated felony specifications in violation of R.C.2907.02 and one count of kidnapping in violation of R.C. 2905.01
for the events which occurred July 7, 1991 at the Brookwood Inn with an adult victim who accompanied him to the motel. On February 2, 1992. appellant pled guilty to three counts of sexual battery as amended in counts one, two and three of the indictment and the state entered a nolle prosequi on count four of the indictment and was sentenced to a term of incarceration of one year on each count to run concurrently. The record does not demonstrate an order for a presentence report in this case.
On January 7, 1997, appellant was screened by the Department of Rehabilitation and Corrections which recommended that he be adjudicated as a "sexual predator." On May 14, 1997, hearing was held for a determination of appellants status as a sexual predator. Appellant was represented by assigned counsel who asserted that H.B. No. 180 legislation was unconstitutional as a retroactive and punitive ex post facto law. No testimony was taken, no colloquy was had between appellant and the court. Thereupon, the court incorporated by reference the journal entry, the appearance and execution docket, and the pleadings in appellants criminal file and found that "in light of the fact that [appellant] had a prior conviction for rape, [and] pled guilty to sexual battery, [appellant is] likely a recidivist." Then the court found "* * * both by operation of law and by way of this hearing having incorporated by reference the pleadings, the paperwork, the presentence investigative report, and the Court taking judicial notice of its docket, that [appellant is] in fact a sexual predator."
In State v. Ferris (Sept. 8, 1998), Warren App. No. CA98-0335, the court found the use of old conviction data appropriate in making the sexual predator determination. The Ferris court stated "in determining a[n] offenders propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." (Citations omitted.)Ferris, supra at 5. It is clear that the court considered the factors as required by the statute when it considered appellants prior criminal record which included other offenses, both the not sexually oriented and the previous sexually oriented offense for which appellant had been recently released from prison and was on parole after conviction for rape.
While the evidence in this case is meager and consists primarily of "old conviction data" which indicated appellant committed the underlying sexually oriented offense after a recent release on parole for a previous crime of rape, we find that based upon this record, the evidence here is legally sufficient to support an adjudication of sexual predator status clearly and convincingly.
Accordingly, we conclude that R.C. Chapter 2950 when applied to appellant did not violate any of the rights asserted by him in this appeal and as guaranteed to him by the United States and the Ohio Constitutions and Crim.R. 11. Moreover, we find that the evidence presented at appellants adjudicatory hearing was sufficient to clearly and convincingly demonstrate the adjudication of his status as "sexual predator" pursuant to the requirements of R.C. Chapter 2950.
Affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of
TIMOTHY E. McMONAGLE, JUDGE
PORTER, A.J. and
 DYKE, J., CONCUR.