UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert S. NEILSSEN, Defendant–
Appellant.

No. 96–4942.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 5, 1997.

Decided Feb. 13, 1998.

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender, Raleigh, NC, for Appellant. Yvonne Victoria Watford–McKinney, Assistant United States Attorney, Raleigh, NC, for Appellee. **ON BRIEF:** William A. Webb, Federal Public Defender, Raleigh, NC, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, NC, for Appellee.

Before MURNAGHAN, HAMILTON and MICHAEL, Circuit Judges.

Vacated and remanded for resentencing by published opinion. Judge HAMILTON wrote the opinion, in which Judge MURNAGHAN and Judge MICHAEL joined.

## OPINION

HAMILTON, Circuit Judge:

Robert Neilssen (Neilssen) appeals his sentence following his guilty plea to charges of distributing and reproducing photographs of minors engaging in sexually explicit conduct by means of computer. *See* 18 U.S.C. § 2252(a)(2). Neilssen seeks vacatur of his sentence and a remand for resentencing on two grounds. First, he argues that the district court erred as a matter of law in applying a five-level enhancement pursuant to the 1995 version of § 2G2.2(b)(4) of the United States Sentencing Commission, *Guidelines Manual* (USSG), which applies when the defendant has engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. Second, Neilssen argues that, even if the § 2G2.2(b)(4) (1995) enhancement was appropriate, the district court misunderstood the applicable law when it departed upward from his guideline range. For reasons that follow, we uphold the district court's five-level enhancement pursuant to USSG § 2G2.2(b)(4) (1995), but vacate Neilssen's sentence and remand for resentencing to allow the district court to revisit the departure issue consistent with this opinion.

## I.

In early 1996, Captain Bill Burtt of the Bradley, Tennessee Sheriff's Department was investigating the dissemination of child pornography over the Internet. As part of his investigation, Burtt logged onto Internet "chat rooms" which allowed those present in the room to engage in written communication. Logging onto these chat rooms also enabled the participants to transmit photographs from computer to computer via the Internet. During these chat sessions, Burtt would pose as a single mother who went by the name of "Nicki5."

During one of these sessions, Nicki5 was approached by "Stepper," who was later identified as Neilssen. During his conversations with Nicki5, Neilssen disclosed information from which it was evident that he had been sexually molesting his teenage daughter for several years, beginning on her thirteenth birthday on March 3, 1994. He also disclosed that when he was thirteen years old he sexually molested his nine-year-old sister.

From February 27 to March 11, 1996, Neilssen transmitted twenty-one sexually explicit photographs to Nicki5 over the Internet. Some of these photographs depicted minors under the age of twelve, but none of the sexually explicit photographs were of Neilssen's daughter.

Based on this information, a search warrant was obtained for Neilssen's home. During that search, the police seized Neilssen's computer. From the computer, the police retrieved numerous sexually explicit photographs, some depicting minors. The police also retrieved several photographs of Neilssen's daughter, but there was no evidence that these photographs were disseminated over the Internet. The police investigation revealed that on one occasion in November 1994, Neilssen photographed his daughter in the nude, and on another occasion in March 1994, Neilssen caused another man to do so.

On April 4, 1996, a grand jury in the Eastern District of North Carolina indicted Neilssen on one count of receiving or distributing in interstate commerce photographs of minors engaged in sexually explicit conduct (Count One), *see* 18 U.S.C. § 2252(a)(2), and one count of reproducing the same by means of computer for distribution in interstate commerce (Count Two), *see id.* The indictment also contained a criminal forfeiture count (Count Three). *See* 18 U.S.C. § 2253. On September 3, 1996, Neilssen pled guilty to Counts One, Two and Three of the indictment.

Neilssen's Presentence Investigation Report (PSR) assigned him a base offense level of 15 pursuant to the 1995 version of § 2G2.2 of the Guidelines Manual. To this base offense level, the PSR added a two-level enhancement under USSG § 2G2.2(b)(1) (1995), because the offenses involved photographs of minors under the age of twelve, and a five-level enhancement under USSG § 2G2.2(b)(4) (1995), because "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor...." According to the PSR, Neilssen engaged in a pattern of activity involving the sexual exploitation of minors by his repeated acts of transmitting sexually explicit photographs of minors. Neilssen's total offense level at this point was 22. The PSR then subtracted three levels under USSG § 3E1.1(b) (1995) for Neilssen's acceptance of responsibility, giving him a total offense level of 19. With a criminal history category of I, Neilssen's guideline range was 30 to 37 months' imprisonment. Although the PSR did not specifically recommend an upward departure, it did list three factors that *may* warrant upward departure: (1) Neilssen's sexual molestation of his daughter; (2) Neilssen's sexual molestation of his sister; and (3) the fact that the *ex post facto* clause of the United States Constitution prevented the version of the Guidelines Manual in effect at the time of Neilssen's sentencing, the 1996 version, from being used in sentencing Neilssen as is normally the case.

Neilssen raised one objection to the PSR. Specifically, he objected to the five-level enhancement pursuant to USSG § 2G2.2(b)(4) (1995) on the ground that the transmission of sexually explicit photographs of minors did not constitute sexual exploitation of a minor. *See United States v. Ketcham*, 80 F.3d 789, 794–95 (3d Cir.1996) (possession, transportation, reproduction, and distribution of child

pornography did not constitute "a pattern of activity involving the sexual abuse or exploitation of a minor" within the meaning of USSG § 2G2.2(b)(4) (1994)); *United States v. Chapman,* 60 F.3d 894, 900 (1st Cir.1995) (computer transmission of child pornography is not "sexual exploitation of a minor" under USSG § 2G2.2(b)(4) (1993)). In contrast, the government raised no objections to the PSR, but did make a motion for upward departure on the basis of Neilssen's repeated acts of molesting his minor daughter and taking explicit photographs of her, all of which has resulted in long-term psychological harm to her. Neilssen objected to the government's motion for upward departure.

At the sentencing hearing on December 2, 1996, the district court adopted the factual findings and sentencing calculations as set forth in the PSR except in one important respect. The district court applied the five-level enhancement under USSG § 2G2.2(b)(4) (1995) based both on its finding that Neilssen transmitted numerous sexually explicit photographs of minors over the Internet and on its finding that Neilssen produced some of those photographs. The parties concede that the district court's finding that Neilssen produced some of the sexually explicit photographs of minors which he was charged with transmitting is erroneous, as the record reflects that Neilssen did not produce any of the photographs that he transmitted over the Internet. In applying the § 2G2.2(b)(4) (1995) enhancement, the district court did not consider the 1996 amendments to the commentary of USSG § 2G2.2 (1995). *See* USSG App. C, amend. 537 (effective November 1, 1996).

The district court granted the government's motion for upward departure on the basis that Neilssen's involvement in sexually abusing his daughter and sister had not been adequately addressed by his guideline range. The district court departed upward eleven offense levels pursuant to Application Note 5 of USSG § 2G2.2 (1995). Application Note 5 provides that in determining the extent of an upward departure based on the defendant's exploitation or abuse of a minor at any time, whether or not such sexual abuse occurred during the course of the offense, "the court

should take into consideration the offense levels provided in §§ 2A3.1, 2A3.2, and 2A3.4 most commensurate with the defendant's conduct, as well as whether the defendant has received an enhancement under subsection (b)(4) on account of such conduct." USSG § 2G2.2, comment. (n.5) (1995).

An offense level of 31 and a criminal history category of I resulted in a sentencing imprisonment range of 108 to 135 months' imprisonment. Within this range, the district court sentenced Neilssen to 120 months' imprisonment on each of Counts One and Two, to be served concurrently. Furthermore, the district court ordered that the property described in Count Three of the indictment be forfeited to the government.

Neilssen noted a timely appeal of his sentence.

## II.

Neilssen contends that two 1996 amendments to the commentary of USSG § 2G2.2 (1995) are clarifying rather than substantive, such that the district court should have applied them to his case. *See United States v. Capers,* 61 F.3d 1100, 1109–10 (4th Cir.1995), *cert. denied,* 517 U.S. 1211, 116 S.Ct. 1830, 134 L.Ed.2d 935 (1996). The first amendment to the commentary of USSG § 2G2.2 (1995) concerns whether the term "sexual abuse or exploitation of a minor" includes trafficking in material relating to the sexual abuse or exploitation of a minor. In 1996, the commentary to USSG § 2G2.2 (1995) was amended such that it now specifies that the term "sexual abuse or exploitation of a minor" does not include trafficking in material relating to the sexual abuse or exploitation of a minor. *See* USSG App. C, amend. 537 (effective November 1, 1996). The second amendment to the commentary of USSG § 2G2.2 (1995) concerns whether the term "pattern of activity involving the sexual abuse or exploitation of a minor" includes conduct that did not occur during the course of the offense even though the enhancement falls under the heading "Specific Offense Characteristics." *See id.;* USSG § 2G2.2 comment. (n.1) (1996).

Because the issues in this case concern whether two 1996 amendments to the commentary of USSG § 2G2.2 (1995) should have been applied by the district court in determining Neilssen's sentence, two important sentencing principles come into play. First, as a general rule, a convicted defendant's sentence is based upon the Guidelines Manual "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4); USSG § 1B1.11(a), p.s. (1997). However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." USSG § 1B1.11(b)(1), p.s. (1997). A law violates the *ex post facto* clause if it applies to events predating its enactment and disadvantages those to whom it applies. *See Lynce v. Mathis,* —— U.S. ——, ——, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997). The latter condition is satisfied by any provision "which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed...." *Beazell v. Ohio,* 269 U.S. 167, 169, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925).

The use of either the Guidelines Manual in effect at sentencing or the one in effect when the crime was committed is known as the "one book rule." *See, e.g., United States v. Corrado,* 53 F.3d 620, 623 (3d Cir.1995). The one book rule is codified in the Guidelines Manual as follows:

> The Guidelines Manual in effect on a particular date shall be applied in its entirety. The court shall not apply, for example, one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual. *However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that*

> *such amendments are clarifying rather than substantive changes.*

USSG § 1B1.11(b)(2), p.s. (1997) (emphasis added). Accordingly, under the one book rule, once the sentencing court is satisfied that the earlier edition of the Guidelines Manual applies, the court must consider later amendments if those amendments are clarifying.

Second, we will classify an amendment as substantive rather than clarifying when it cannot be reconciled with our circuit precedent. *See Capers,* 61 F.3d at 1110. The fact that an amendment did not change the text of the guideline itself is a "red herring," because an amendment to the commentary is substantive if it is contrary to the plain meaning of the guideline's text. *See id.* at 1112. It follows then that if the pre-amendment text of a guideline and its commentary are ambiguous on the subject of the amendment, and no circuit precedent exists resolving the ambiguity, then an amendment to the commentary of the guideline is most likely clarifying. *See id.*

In this case, the Guidelines Manual in effect on the date of Neilssen's sentence, December 2, 1996, was the 1996 version, which became effective on November 1, 1996. Because the 1996 version provided for a higher offense level than the 1995 version in effect at the time of Neilssen's offense conduct, thereby yielding a higher sentencing range, the district court was correct in using the 1995 version of the Guidelines Manual in sentencing Neilssen. Neilssen does not challenge the district court's decision to sentence him under the 1995 version. Because the 1995 version of the Guidelines Manual applied to Neilssen's sentence, we can now turn to Neilssen's arguments that two 1996 amendments to the commentary to USSG § 2G2.2 (1995) are clarifying such that the district court should have applied them in calculating his sentence. *See Capers,* 61 F.3d at 1109–10.

### A.

Neilssen contends that the 1996 amendment to the commentary to USSG § 2G2.2 (1995), which states that "sexual abuse or exploitation of a minor" does not

include trafficking in material relating to the sexual abuse or exploitation of a minor, *see* USSG App. C, amend. 537 (effective November 1, 1996), is clarifying rather than substantive and, therefore, should have been applied in this case. In response, the government argues that this amendment to the commentary is a substantive change, such that it was properly not considered by the district court.

The language of USSG § 2G2.2(b)(4) is the same in the 1995 version as in the 1996 version: "If a defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels." The 1995 version of the commentary to USSG § 2G2.2, however, did not specify whether the term "sexual abuse or exploitation of a minor" includes trafficking in material relating to the sexual abuse or exploitation of a minor. In 1996, the commentary to the 1995 version of USSG § 2G2.2 was amended such that it now specifies that the term "sexual abuse or exploitation of a minor" does not include trafficking in material relating to the sexual abuse or exploitation of a minor. *See* USSG App. C, amend. 537 (effective Nov. 1, 1996).

■ We begin our analysis by noting that the Sentencing Commission has deemed this amendment a clarification of the operation of USSG § 2G2.2(b)(4) (1995). *See id.* We cannot, however, accept the Commission's characterization of this amendment as conclusive, because such acceptance would " 'enable the Commission to make substantive changes in the law in the guise of "clarification." ' " *Capers*, 61 F.3d at 1110 (quoting *United States v. Guerrero*, 863 F.2d 245, 250 (2d Cir.1988)). Nevertheless, after examining the purpose and effect of the amendment at issue here, it becomes evident that it is clarifying.

First, the amendment is not inconsistent with the plain language of USSG § 2G2.2(b)(4) (1995) or the commentary to USSG § 2G2.2 (1995). Specifically, neither the plain language of USSG § 2G2.2(b)(4) (1995) nor the commentary to USSG § 2G2.2 (1995) necessarily included the trafficking in material relating to the sexual abuse or exploitation of a minor in the term "sexual

abuse or exploitation of a minor" as found in USSG § 2G2.2(b)(4) (1995). Instead, the term "sexual abuse or exploitation of a minor" is ambiguous in the sense that it is reasonably susceptible to both an interpretation including the trafficking in material relating to the sexual abuse or exploitation of a minor and an interpretation not including such conduct. In addition, at the time of the amendment there was no Fourth Circuit precedent contrary to the amendment. *Cf. Capers*, 61 F.3d at 1110–11 (holding a guideline amendment substantive primarily because it contradicted existing circuit precedent). Under these circumstances, we accept the Commission's characterization of this amendment as clarifying. Accordingly, the district court should have applied this 1996 amendment in calculating Neilssen's sentence under the 1995 version of the Guidelines Manual.

Having decided that the 1996 amendment just discussed was clarifying, and therefore, should have been applied in calculating Neilssen's sentence, it becomes evident that the district court's stated reasons for applying the USSG § 2G2.2(b)(4) (1995) enhancement were in error. First, the district court improperly relied on Neilssen's transmission of material relating to the sexual abuse or exploitation of a minor. Second, the parties concede that there is no evidence in the record to support the district court's finding that Neilssen produced any of the photographs of which he was charged with transmitting. Accordingly, the USSG § 2G2.2(b)(4) (1995) enhancement cannot be upheld on the district court's reasoning. This conclusion brings us to Neilssen's next argument that another amendment to the commentary of USSG § 2G2.2 (1995) is also clarifying.

### B.

■ Neilssen contends that the 1996 amendment to the commentary of USSG § 2G2.2 (1995), which states that conduct being considered for the enhancement need not have occurred during the course of the offense even though the enhancement falls under the heading "Specific Offense Characteristics," *see* USSG, Appendix C, amend. 537 (effective November 1, 1996); USSG § 2G2.2

comment. (n.1) (1996), is clarifying. We agree.

Pre-amendment, the commentary provided: " 'Pattern of activity involving the sexual abuse or exploitation of a minor,' for the purposes of subsection (b)(4), means any combination of two or more separate instances of the sexual abuse or the sexual exploitation of a minor, whether involving the same or different victims." USSG § 2G2.2 comment. (n.4) (1995). Post-amendment, the commentary provides: " 'Pattern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) *occurred during the course of the offense,* (B) involved the same or different victims, or (C) *resulted in a conviction for such conduct."* USSG § 2G2.2 comment. (n.1) (1996) (emphasis added).

Under the one book rule, the district court was not required to consider this amendment unless it is a clarifying amendment. Furthermore, as previously explained, we cannot accept the Commission's characterization of the amendment as clarifying at face value.*

After examining the purpose and effect of this other amendment, we conclude that it too is clarifying, and thus should apply in determining Neilssen's sentence. First, it is fair to say that the 1995 version of USSG § 2G2.2 and its accompanying commentary is ambiguous with respect to whether acts unrelated to the offense but of a similar nature may be considered. On the one hand, Application Note 4 to the 1995 version broadly defines "pattern of activity involving the sexual abuse or exploitation of a minor" for purposes of subsection (b)(4) as *"any* combination of two or more separate instances of the sexual abuse or the sexual exploitation of a minor, whether involving the same or different victims." USSG § 2G2.2, comment.

(n.4) (1995) (emphasis added). This language does not limit the conduct to be considered under subsection (b)(4) to acts related to the offense. On the other hand, subsection (b)(4) is listed under the heading "Specific Offense Characteristics," suggesting that the enhancement only applies if the conduct is a characteristic of the offense. Second, at the time of the amendment, no Fourth Circuit precedent existed interpreting any version of USSG § 2G2.2(b)(4) to include or exclude sexual abuse or exploitation of a minor that was not committed during the course of the offense as a basis for enhancement.

■ Having concluded the 1996 amendment just discussed was clarifying and, therefore, should have been applied in calculating Neilssen's sentence, it becomes evident that the district court correctly applied the USSG § 2G2.2(b)(4) (1995) enhancement, albeit for the wrong reasons. Neilssen does not dispute that he took sexually explicit photographs of his daughter on one occasion and caused another man to do so on a separate occasion. Furthermore, Neilssen does not dispute that the district court could have relied on the sexual abuse of his daughter and his sister in applying the enhancement. The aforementioned conduct clearly constitutes "two ... separate instances of the sexual abuse or sexual exploitation of a minor by the defendant...." USSG § 2G2.2, comment. (n.1) (1996). Accordingly, we uphold the district court's five-level enhancement under USSG § 2G2.2(b)(4) (1995).

### III.

■ We are left with Neilssen's argument that his sentence must be vacated because the district court's departure was based on an erroneous interpretation of the law, *i.e.,* that an upward departure was the sole mechanism available to punish Neilssen's sexual abuse of his daughter and sister. We have

---

* The Commission has deemed this amendment as clarifying, specifically stating that:

> ... the amendment *clarifies* that the "pattern of activity" enhancement may include acts of sexual abuse or exploitation that were not committed during the course of the offense or that did not result in a conviction. This revision responds in part to the holding in *Chap-*

*man,* 60 F.3d at 901, that the "pattern of activity" enhancement is inapplicable to past sexual abuse or exploitation unrelated to the offense of conviction. The amended language expressly provides that such conduct may be considered.

USSG, Appendix C, amend. 537 (effective November 1, 1996) (emphasis added).

held that a 1996 amendment to the commentary to USSG § 2G2.2 (1995) clarified that punishment for Neilssen's sexual abuse of his daughter and sister must be considered in applying the USSG § 2G2.2(b)(4) (1995) enhancement. Had the district court considered the 1996 amendment to the commentary of USSG § 2G2.2 (1995), it would have realized that a certain amount of punishment for Neilssen's sexual abuse of his daughter and sister was reflected in the USSG § 2G2.2(b)(4) (1995) enhancement. In other words, an understanding that the USSG § 2G2.2(b)(4) (1995) enhancement already incorporated punishment for Neilssen's sexual abuse may well have altered the district court's decision to depart or, at a minimum, affected the extent of the departure. *Cf.* USSG § 2G2.2, comment. (n.5) (1995) ("If the defendant sexually exploited or abused a minor at any time, whether or not such sexual abuse occurred during the course of the offense, an upward departure may be warranted. In determining the extent of such a departure, the court should take into consideration ... whether the defendant has received an enhancement under subsection (b)(4) on account of such conduct."). Accordingly, a remand is in order so that the district court may reconsider the departure issue with an understanding of the correct application of USSG § 2G2.2 (1995). *See United States v. Piche,* 981 F.2d 706, 719 (4th Cir.1992).

### IV.

In conclusion, we hold that the district court's five-level enhancement pursuant to USSG § 2G2.2(b)(4) (1995) was appropriate, but vacate Neilssen's sentence and remand for resentencing consistent with this opinion.

*VACATED AND REMANDED FOR RE-SENTENCING.*