UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JOHN MARK PADGETT,
        *Defendant-Appellant.*

No. 00-4923

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-99-457)

Submitted: October 10, 2002

Decided: November 8, 2002

Before WILKINS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Michael S. Seekings, MULLEN, WYLIE & SEEKINGS, Charleston,
South Carolina, for Appellant. J. Strom Thurmond, Jr., United States
Attorney, Mary Gordon Baker, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Mark Padgett appeals his conviction and sentence for knowingly transporting and shipping child pornography, in interstate commerce by computer, in violation of 18 U.S.C. § 2252A(a)(1) (2000). Finding no reversible error, we affirm.

On appeal, Padgett contends that the district court erred in imposing two sentencing enhancements pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 2G2.2 (1998). First, Padgett argues that the district court erred in imposing a five level enhancement for distribution of child pornography pursuant to USSG § 2G2.2(b)(2) because there was no evidence of any pecuniary gain. This argument is foreclosed by our decision in *United States v. Williams*, 253 F.3d 789, 793-95 (4th Cir. 2001) (holding that the enhancement applies to distributions not made solely for pecuniary gain, and that trading child pornography is a transaction for pecuniary gain).

Second, Padgett contends that the district court erred in imposing an enhancement pursuant to USSG § 2G2.2(b)(4), which provides for a five level increase in the offense level "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The district court imposed an enhancement on this ground based on its finding that Padgett had sexually abused a minor child. Padgett argues that the enhancement does not apply because there was no evidence that the allegations of sexual abuse related to the offense of conviction. In support of this argument, Padgett cites *United States v. Chapman*, 60 F.3d 894 (1st Cir. 1995) (holding that a § 2G2.2(b)(4) enhancement is not appropriate where the Government fails to show that the defendant actually sexually abused or exploited minors in conjunction with trafficking child pornography).

Subsequent to *Chapman*, however, the Sentencing Commission amended the commentary to the guideline to provide that the pattern of activity warranting the enhancement need not relate to the offense of conviction. *See* USSG § 2G2.2, cmt. n.1; *see also United States v. Woodward*, 277 F.3d 87, 91 n.2 (1st Cir. 2002) (recognizing that the commentary effectively overruled its holding in *Chapman*); *United*

*States v. Neilssen*, 136 F.3d 965, 971 n.* (4th Cir. 1998) (noting that the amended commentary responded in part to the *Chapman* decision); *United States v. Anderton*, 136 F.3d 747, 750 & n.2 (11th Cir. 1998) (discussing the effect of the amendment to the commentary). We find that the amended commentary makes clear that the Government need not prove that Padgett's sexual abuse of the minor child was related to the offense of conviction in order for the § 2G2.2(b)(4) enhancement to apply.

We note that Padgett has filed a motion for leave to file a pro se supplemental brief. Although we grant this motion, we find no merit to the claims raised therein. We therefore affirm Padgett's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*