Defendants-appellants, Randall Nicholson, Henry Wolverton, Danny Kingsley, and Jesse Rose, appeal the decisions of the Warren County Court of Common Pleas adjudicating them to be sexual predators. All four appellants have filed identical briefs with this court, each raising six assignments of error. Due to the similarity of the factual and legal issues involved, and in the interest of judicial economy, we have consolidated these four appeals sua sponte pursuant to the authority of App.R. 3(B). Regarding all four appellants, we affirm.
 State v. Randall Nicholson CA 98-04-040
Randall Nicholson pled guilty to two counts of rape involving his five-year-old niece and eight-year-old nephew, and on February 26, 1985, the court accepted his plea. It appears that Nicholson's offenses occurred over a one-year period. Nicholson was sentenced to serve five to twenty-five years. Nicholson claims to have completed the Monticello program for sex offenders while at the Madison Correctional Institution.
While serving his sentence, Nicholson was recommended for adjudication as a sexual predator pursuant to R.C. 2950.09(C)(1). A hearing was held on April 7, 1998 in the Warren County Court of Common Pleas. After considering the relevant statutory factors in R.C. 2950.09(B)(2), including the age of both victims, Nicholson's age, and Nicholson's history of criminal sexual behavior with children, the trial court found by clear and convincing evidence that Nicholson was a sexual predator as defined in R.C. 2950.01(E).[1]
 State v. Henry Wolverton CA98-04-043
On December 27, 1988, Henry Wolverton pled guilty to three counts of rape and two counts of gross sexual imposition involving Wolverton's nine-year-old stepdaughter. The Warren County Court of Common Pleas accepted Wolverton's guilty plea and sentenced him to seven to twenty-five years. While Wolverton was serving his sentence in the London Correctional Institution, he was recommended for adjudication as a sexual predator.
At the sexual predator hearing on April 7, 1998, the prosecutor testified that Wolverton had engaged in both vaginal and oral intercourse with his stepdaughter over a period of several years. In his defense, Wolverton presented a certificate of attendance for an interpersonal counseling program that he had earned while he was incarcerated. In its decision dated April 13, 1998, the trial court considered all relevant factors listed in R.C.2950.09(B)(2), such as Wolverton's history of criminal sexual behavior with children, the tender age of the victim, and the extended duration of the offenses. The court then found by clear and convincing evidence that Wolverton was a sexual predator as defined in R.C. 2950.01(E).
 State v. Danny Kingsley CA98-05-053
Following two separate jury trials in 1983, Danny Kingsley was convicted of two counts of rape for offenses committed against his seven-year-old stepdaughter. Appellant was sentenced to seven to twenty-five years. While serving his sentence in the London Correctional Institution, Kingsley was recommended for adjudication as a sexual predator.
At the sexual predator hearing on April 15, 1998, the prosecutor testified regarding the facts underlying Kingsley's convictions, and defense counsel testified regarding several mitigating factors, including Kingsley's unsupported statement that he had completed a sex offender's program while incarcerated. After considering the relevant factors listed in R.C. 2950.09(B)(2), such as the tender age of the victim, and the fact that pedophiles are particularly susceptible to repeating acts of sexual misconduct, the trial court found by clear and convincing evidence that Kingsley was a sexual predator as defined in R.C.2950.01(E).
 State v. Jesse Rose CA98-06-066
After a jury trial in 1985, Jesse Rose was convicted of one count of rape and two counts of corruption of a minor. The victim was a fourteen-year-old female relative. At the time of the offense, Rose had a prior conviction in the state of Washington for aggravated rape. Rose also had an extensive criminal record involving numerous nonsexual offenses. Rose was sentenced to ten to twenty-five years for rape and two to ten years for corruption of a minor, to be served consecutively.
While he was serving his sentence in the North Central Correctional Institution, Rose was recommended for adjudication as a sexual predator. At the hearing on May 27, 1998, the prosecutor testified regarding the underlying facts of Rose's conviction. Rose introduced several certificates of completion for sexual offender programs, a card sent to him from the victim, and character testimony from his sister and another niece who is a cousin to the victim. The court then considered the relevant statutory factors and found by clear and convincing evidence that Rose was a sexual predator as defined in R.C. 2950.01(E).
Each of the four appellants filed a timely appeal, raising six identical assignments of error. We will address each assignment of error in turn.
Assignment of Error No. 1:
 THE DECISION OF THE TRIAL COURT IS NOT SUPPORTED BY AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Under their first assignment of error, appellants argue that the trial court's determination was not supported by sufficient evidence, and further that the determination was against the manifest weight of the evidence. R.C. 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that each appellant is a sexual predator.
When considering the sufficiency of the evidence, our review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386. Thus, the question regarding sufficiency of the evidence is whether the evidence against each appellant, if believed, would support the determination that appellants are sexual predators. See id. at 390.
Regarding appellants' manifest weight claim, the standard for reversal for manifest weight of the evidence is as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. We note that a reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1976), 10 Ohio St.2d 230, paragraph one of the syllabus. Further, we note that "in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported, at 5, citing State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported.
At Nicholson's sexual predator hearing, the prosecutor testified that the victims were Nicholson's five-year-old niece and his eight-year-old nephew, that Nicholson had threatened to kill the little girl if she told anyone about the offenses, and that the offenses occurred over the duration of a one-year period. In addition, Nicholson admitted to participating in oral sex with his nephew on two separate occasions.
At Wolverton's sexual predator hearing, the prosecutor testified that Wolverton's offenses involved his nine-year-old stepdaughter. The prosecutor further testified that the offenses, involving both oral and vaginal sex with the girl, took place over the duration of several years.
At Kingsley's sexual predator hearing, the prosecutor testified that Kingsley's offenses involved his seven-year-old stepdaughter and occurred over the duration of several years. The prosecutor also introduced a letter from Kingsley's stepmother to the parole board stating that Kingsley had sexually molested both his sister and stepsister. The court stated however, that due to questions regarding the letter's reliability, it was accorded little weight.
At Rose's sexual predator hearing, the prosecutor testified regarding Rose's offenses against his fourteen-year-old niece. The prosecutor also testified regarding Rose's prior conviction for rape in the state of Washington, and his prior record involving numerous nonsexual offenses.
We find, as a matter of law, that the evidence considered by the trial court in each of the foregoing cases was sufficient, if believed, for the court to find clearly and convincingly that each appellant is a sexual predator. We also find that the trial courts' determinations were not against the manifest weight of the evidence. Appellants' first assignment of error is overruled.
Assignment of Error No. 2:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF REVISED R.C. SEC. 2950.01 ET. SEQ. [sic], ARE IN VIOLATION OF THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
Under this assignment of error, appellants argue that because R.C. Chapter 2950 was not in effect at the time they were convicted, imposing it upon them now violates the Ex Post Facto Clause of the United States Constitution, which states "No State shall * * * pass any * * * ex post facto Law." Section 10, ArticleI, United States Constitution. The United States Supreme Court has stated that "any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, * * * is prohibited as ex post facto." Beazell v. Ohio (1925),269 U.S. 167, 169-70.
However, the Ohio Supreme Court recently held that "the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." State v. Cook (1998), 83 Ohio St.3d 404, 423. Thus, we find that appellants' second assignment of error lacks merit and is overruled.
Assignment of Error No. 3:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF REVISED R.C. SEC. 2950.01 ET. SEQ. [sic], ARE IN VIOLATION OF THE RETROACTIVE CLAUSE OF THE OHIO CONSTITUTION.
The Ohio Constitution states, "The general assembly shall have no power to pass retroactive laws." Section 28, Article II, Ohio Constitution. The Ohio Supreme Court found that the legislature clearly intended for R.C. Chapter 2950 to be applied retroactively. Cook at 410. However, a "purely remedial statute does not violate Section 28, Article II of the Ohio Constitution even if applied retroactively." Id. at 411, citing Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 107. The court went on to find that "the registration and verification provisions are remedial in nature and do not violate the ban on retroactive laws." Cook at 413. Thus, we find that appellants' third assignment of error lacks merit and is overruled.
Assignment of Error No. 4:
 CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR, THE DUTY TO REGISTER AND NOTIFICATION PROCEDURES OF REVISED R.C. SEC. 2950.01 ET. SEQ. [sic], VIOLATES [sic] APPELLANT'S RIGHTS TO EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION.
Appellants argue that because R.C. Chapter 2950 treats sex offenders who are still serving prison terms after the statute's effective date differently than sex offenders who were released from prison prior to the statute's effective date, the legislature has created an arbitrary classification based upon their status as prisoners in violation of their equal protection rights. However, this court has stated that "the sexual predator classification scheme found in R.C. 2950.09(C) does not violate the Equal Protection Clause. The statute treats all offenders who are still imprisoned on January 1, 1997 the same and under the rational-basis test, it bears a rational relationship to a legitimate governmental interest, namely, to protect the public from sex offenders." State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, CA97-04-035, CA97-04-036, CA97-05-040, CA97-05-044, CA97-05-046, CA97-05-047, CA97-05-052, CA97-06-063, unreported, at 13. Appellants' fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE HEARING TO HAVE APPELLANT DECLARED A SEXUAL PREDATOR CONSTITUTES DOUBLE JEOPARDY.
Appellants argue that R.C. Chapter 2950 violates the prohibition against double jeopardy under both the United States Constitution and the Ohio Constitution. The Double Jeopardy Clauses of both the Ohio and the United States Constitutions have the basic function of prohibiting the judicial system from imposing more than one punishment for the same offense. State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 6. However, the Ohio Supreme Court clearly stated that the registration and notification provisions of R.C. Chapter 2950 are not punitive but are solely remedial. Cook at 423. Thus, appellants' claim of multiple punishment lacks an essential prerequisite: Since no punishment is imposed by the statute, appellants have no claim that R.C. Chapter 2950 violates the Double Jeopardy Clause of either the Ohio or the United States Constitutions. Naegele at 7. Appellants' fifth assignment of error is overruled.
Assignment of Error No. 6:
 THE NOTIFICATION PROVISIONS OF REVISED R.C. SEC. 2950.01 ET. SEQ., [sic] ARE CRUEL AND UNUSUAL PUNISHMENT, AND ARE A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS TO LIBERTY AND SAFETY.
Appellants argue that the notification provisions of R.C. Chapter 2950 are cruel and unusual punishment. As stated above, since the requirements of R.C. Chapter 2950 are not punishment, it follows that imposition of the statute cannot amount to cruel and unusual punishment. Nicholas, Warren App. No. CA97-05-045, unreported, at 18.
Appellants also argue that their safety and liberty are threatened by the requirements of the statute. In Cook, the supreme court stated as follows:
 This court is not blind to the effects of the notification provisions of R.C. Chapter 2950. Offenders may become ostracized from society and even experience harassment. However, "an allegation that government dissemination of information * * * has caused damage to reputation, even with all attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right."
Cook at 413, quoting Borucki v. Ryan (C.A. 1, 1987), 827 F.2d 836,842-43. The court further stated that the "harsh consequences [of] classification and community notification come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions." Cook at 413, citing State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, at 32-33. Accordingly, appellants' sixth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] R.C. 2950.01(E) states: "`Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."